# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALLEN G. WITHERS,

       Plaintiff,

    -vs-                                              Civ. No. 98-0883 LH/LCS

THE UNITED STATES OF AMERICA,

       Defendant.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss (Docket No. 8), filed October 27, 1998. The Court, having considered the Motion, the memoranda of the parties, the record, and the applicable law, and otherwise being fully advised, finds that the Motion to Dismiss is well taken and will be **granted**.

On September 25, 1994, while attending a class offered by Southern Illinois University (SIU) on Kirtland Air Force Base, New Mexico (KAFB), Plaintiff allegedly injured himself when a chair on which he was sitting collapsed. He filed a personal injury claim, pursuant to the Federal Tort Claims Act (FTCA), at KAFB on July 22, 1996, and brought a state court action against SIU and Virco Manufacturing Corp. (Virco) on September 24, 1997. The Air Force denied Plaintiff's FTCA claim on October 30, 1997. SIU removed the state case to federal court on January 5, 1998. *Allen G. Withers v. Southern Illinois University and Virco Manufacturing Corporation*, Civ. 98-0008 MV/DJS (D.N.M.) [*Withers I*].

On April 22, 1998, the Court in *Withers I* granted Plaintiff's unopposed Motion to Amend

Complaint to add the United States as a defendant. Plaintiff filed his First Amended Complaint on April 23, 1998. On May 27, 1998, the *Withers I* Court entered a Memorandum Opinion and Order addressing SIU's Motion to Dismiss. SIU based its Motion on the Illinois State Lawsuit Immunity Act, which mandates that the Illinois Court of Claims has exclusive jurisdiction to hear actions against Illinois state universities. However, the Court found, *sua sponte*, that it lacked subject matter jurisdiction to consider the Motion to Dismiss because SIU was entitled to and had not waived Eleventh Amendment immunity. Accordingly, the Court remanded *Withers I* to state district court. Only Defendants SIU and Virco were named in the caption of the Memorandum Opinion and Order. The fact that the United States had been named as a defendant in the First Amended Complaint was noted in a footnote.

By letter dated June 22, 1998, counsel for the government informed the *Withers I* Court of the United States's position that because the Court found it was without jurisdiction in that case, it also was without jurisdiction to enter the Order allowing amendment of the Complaint to name the United States on April 22, 1998. Counsel further noted that under the FTCA the state court did not have jurisdiction over the United States and concluded that as there was no forum in which to answer, the government would take no further action in the matter. The United States's Answer in *Withers I* was theoretically due on June 22,1998.

Plaintiff's counsel responded by letter to the Court dated June 26, 1998, suggesting that the United States agree to reinstatement of the FTCA claim and stipulate that the matter not be remanded. Plaintiff's counsel apparently also discussed with the Court the tolling of the statute of limitations by the New Mexico continuation statute. Plaintiff, however, took no formal action regarding *Withers I*.

Plaintiff filed the present case (*Withers II*) against the government on July 24, 1998. The United States subsequently filed its Motion to Dismiss, in which it contends that Plaintiff failed to meet the six-month statute of limitations set forth in 28 U.S.C. § 2401.

Section 2401 provides in pertinent part:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless *action is begun within six months after the date of mailing*, by certified or registered mail, *of notice of final denial of the claim by the agency to which it was presented.*

28 U.S.C. § 2401(b)(emphasis added). Statutory time limitations, as a condition to the waiver of sovereign immunity, must be strictly construed. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 94 (1990). A separately filed claim does not relate back to a previously filed claim. *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994)(citing *Pipkin v. United States Postal Serv.*, 951 F.2d 272, 274 (10th Cir. 1991)). Additionally, where Congress has expressly stated the applicable limitation period, as with FTCA claims, reference to state law, such as saving provisions, is not appropriate. *Pipkin*, 951 F.2d at 275.

Equitable tolling principles are applicable to suits against the United States. *Irwin*, 498 U.S. 95-96. While such relief is extended sparingly and does not apply to "garden variety claim[s] of excusable neglect," it has been granted "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* at 96 (footnotes omitted). When applied, equitable tolling of a statute of limitations suspends, rather than renews, the running of the limitation period. *Benge*, 17 F.3d at 1288.

Equitable tolling appropriately could be applied in this matter. Unlike the circumstances in

*Pipkin* and *Benge*, *Withers I* was not dismissed due to lack of prosecution or for any other fault on Plaintiff's part.  Tolling, however, cannot save *Withers II*.  Assuming that the United States was properly named a defendant in *Withers I* on April 23, 1998, only one week remained of the six-month limitation period, which had begun to run with the Air Force's denial of Plaintiff's claim on October 30, 1997.  Plaintiff, however, did not file this action until July 24, 1998, almost two months after *Withers I* was remanded and more than one month after the government's letter to the *Withers I* Court.  Plaintiff has presented no argument that even hypothetically could toll the limitations period to within one week of the filing of *Withers II* and the Court is unable to construe the evidence before it to accomplish the same.

Thus, given the record before the Court, Defendant's Motion to Dismiss must be granted.  An Order so doing will be entered contemporaneously with this Memorandum Opinion.

_____

**UNITED STATES DISTRICT JUDGE**